# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7015 | **DATE** | 9/24/2003 |
| **CASE TITLE** | USA vs. CADILLAC ONE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants plaintiff's motion for default judgment as to Amer Leasing Sales ("Amer") [12-1], and dismisses Lonnie Brown and Tiffany Craig's counterclaims. Accordingly, the Court hereby terminates this case and dismisses any pending motions as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 25 |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | SEP 2 5 2003 date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02 C 7015 |
| ) | |
| CADILLAC ONE 2002 ESCALADE, ) | Judge Ronald A. Guzmán |
| V#3GYEK63N82G226161, ) | |
| Model EXT E-Sport, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the government's motion for default judgment of forfeiture. For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

SEP 2 5 2003

### I. Default Judgment as to Amer

The first issue before the Court is whether default judgment is appropriate due to the failure of Amer Leasing Sales ("Amer") to respond to the plaintiff's verified claim for forfeiture.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a). The Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") apply to forfeiture actions under 21 U.S.C. § 881. 21 U.S.C. § 881(b); *see United States v. All Assets & Equip. of West Side Bldg. Corp.*, 58 F.3d 1181,

25

1185 n.7 (7th Cir. 1995); *United States v. U.S. Currency, The Amount of $103,387.27*, 863 F.2d 555, 558 n. 4 (7th Cir.1988).

This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6), which provides that valuables obtained in exchange for, or traceable to, drug transactions are subject to forfeiture. (Verified Compl. ¶ 1.) 21 U.S.C. § 881 incorporates the forfeiture procedures found in the Tariff Act of 1930, which allows administrative forfeitures of property valued at $500,000 or less. *See* 21 U.S.C. § 881(d); 19 U.S.C. §§ 1607-1609; 21 C.F.R. §§ 1316.75-77.

"An administrative forfeiture proceeding requires the FBI or DEA, whichever is relevant, to notify any person with an interest in the property." *Longenette v. Krusing*, 322 F.3d 758, 760 (3d Cir. 2003) (citing 21 C.F.R. § 1316.77). "The government accomplishes notification by sending a letter via certified mail to the person's last known address and by advertising a notice of forfeiture in a local publication on three separate occasions." *Id.* (citing 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75(a)). "Once an individual properly contests the administrative forfeiture, the matter automatically is forwarded to the courts for judicial proceedings." *Id.* (citing 19 U.S.C. §§ 1608, 1610; 21 C.F.R. §§ 1316.76(b), 1316.78).

In this case, on April 11, 2002, the DEA seized a 2002 Cadillac Escalade, Model EXT E-Sport, VIN# 3GYEK63N82G226161. Thereafter, the DEA sent proper notice of this administrative forfeiture action to Amer Leasing Sales, Inc. by certified mail and obtained a return receipt. On three successive Mondays beginning June 1, 2002, the DEA properly published notice of the seizure in the Wall Street Journal. Because Amer Leasing Sales filed a verified claim and a petition for remission in the administrative

forfeiture proceeding, the matter was automatically forwarded to this Court for judicial proceedings. The DEA, via the U.S. Marshal's Office, again notified Amer Leasing Sales of the judicial proceedings by sending the government's verified complaint via certified first-class mail in care of Herb Turner at 3356 W. North Avenue, Chicago, Illinois.

Rule C(4) of the Supplemental Rules provides that notice by publication is sufficient process in civil forfeiture cases. Supplemental Rules C(4). "The rationale underlying this limited notice is that 'seizure of a [item] alone will result in prompt, actual notice to all interested parties without the necessity of formal personal notice.'" *United States v. $51,680.00 in U.S. Currency*, No. 81 C 6485, 1985 WL 2727, at *2 (N.D. Ill. Sep. 23, 1985) (quoting *The Mary*, 9 Cranch (13 U.S.) 126; *see Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183, 1187 (5th Cir. 1977). Under the forfeiture statutes and regulations, the government agency is required to publish notice of its intent to commence forfeiture proceedings in a publication of general circulation once a week for at least three successive weeks and is also required to send "[w]ritten notice of seizure together with information on the applicable procedures ... to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75.

Under the Federal Rules of Civil Procedure, and the rules of this Circuit, a default judgment is appropriate against parties that do not file a verified claim and answer in response to a verified claim by the United States. Supplemental Rule C(6)(a) provides that the party contesting forfeiture must file a verified claim, stating the parties' interest in the property, within thirty days of service and must file an answer within twenty days of filing the verified claim. Under this rule, Amer had until December 4, 2002, to file a verified claim, and until December 24, 2002 to file an answer. After judicial proceedings

had been commenced, Amer did not file either a verified statement or an answer and did not request or receive any extension of time to file these pleadings with this Court.

The Seventh Circuit addressed a similar situation in *United States v. Commodity Account at Saul Stone*, where the party asserting an interest in the property at issue filed an unverified claim in the administrative forfeiture proceeding, but did not file either a verified claim or an answer within the time periods provided by Supplemental Rule C(6)(a). 219 F.3d 595, 597 (7th Cir. 2000). The court held that verification, though a technical requirement, was an essential element to any claim because it forced the claimant to legally assert an interest in the property. *Id.* Though courts have occasionally waived the requirement of a verified claim, these instances have involved pro se claimants and claimants who filed a verified answer containing all the information necessary for a verified claim. *See, e.g., United States v. Various Computers & Computer Equip.*, 82 F.3d 582, 585 (3d Cir. 1996); *United States v. One Urban Lot Located at 1 Street A-1*, 885 F.2d 994, 1001 (1st Cir. 1989). Neither exception applies here, and thus default judgment in favor of the government is appropriate. *See Commodity Account*, 219 F.2d at 598. Similarly, this Circuit requires strict compliance to the answer requirement of Supplemental Rule 6(C)(a), and thus Amer's failure to file an answer also justifies a default judgment in this case. *Id.* at 598.

## II. Lonnie Brown and Tiffany Craig's Counterclaims

The second issue is whether this Court may properly consider counterclaims filed by Lonnie Brown and Tiffany Craig. Agents of the DEA seized a 2002 Cadillac Escalade from claimant Lonnie Brown on or about April 11, 2002. DEA sent notice of the seizure

to Lonnie Brown and Tiffany Craig on or about May 29, 2002 by certified mail, return receipt requested. Brown signed for and received the notice of forfeiture on June 3, 2003. The notice sent to Craig was returned undelivered, and, upon information received by the DEA that she was then residing at another address, the DEA sent another notice by certified mail, return receipt requested, to the other address, which incidentally is the address that appears on her counterclaim. It appears from the return receipt that Craig signed for and received this second notice on September 9, 2002. (Mot. Default J., Ex. L.) Further, Craig has not proffered any evidence that the signature is a forgery or that she has not resided at that second address. Both the notice sent to Brown and the notice sent to Craig outlined the procedure for contesting the forfeiture at an administrative proceeding. The procedure gave Brown and Craig 30 days from the date they received the notice of forfeiture to file a claim with the Forfeiture Counsel of the DEA. Brown had until July 3, 2002 to file his claim, and Craig had until October 8, 2002. Neither Brown nor Craig ever filed a claim with the DEA's forfeiture counsel; their counterclaim, filed in this Court on December 3, 2002, was their first attempt to legally contest the forfeiture.

It is well-settled, both in this Circuit and others, that the conclusion of an administrative forfeiture procedure divests the district courts of jurisdiction over challenges to the outcome of the procedure. *See Longenette*, 322 F.3d at 761 ("If an individual fails to contest an administrative forfeiture, he loses all recourse for judicial review of the administrative proceeding's merits."); *United States v. Schinnell*, 80 F.3d 1064, 1069 (1996); *Garcia v. Meza*, 235 F.3d 287, 289 (7th Cir. 2000); *Toure v. United States*, 24 F.3d 444, 445-46 (2d Cir. 1994). Although district courts do not have the

power to review the merits of administrative forfeiture decisions, they may hear due process challenges asserting deficiencies in the proceedings themselves. *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000) (en banc) ("The federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements"). Though the scope of this exception is not entirely clear, at least one circuit has held that a procedural deficiency exists where the property is taken "accidentally, fraudulently, or improperly." *Toure*, 24 F.3d at 446.

Brown signed for and received the notice of seizure, and thus cannot claim that his notice was insufficient. Further, the record shows that Craig signed for and received notice at the second address discussed above.

Even if Craig had proffered evidence that the signed returned receipt was a forgery, the key question is whether the United States' attempt to provide notice to Craig was reasonable. Due process requires only that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Written notice by certified mail to the claimant's residence is generally sufficient, even if the notice is never actually received. *Garcia*, 235 F.3d at 290.

This case stands in contrast to *Garcia v. Meza*, where the Seventh Circuit held that notice to the claimant was inadequate. *Id.* at 291. There, the government published notice of forfeiture in a national newspaper, and also sent notice by certified mail to the property owner. *Id.* at 290-91. Several days after mailing the notice, the government learned that the notice had not been received. *Id.* The court held that publication was

insufficient to cure the lack of notice via U.S. Mail, and that the government should have made some effort to locate the claimant once it knew notice had not been received. *Id.* at 291-92. In Craig's case, the government first sent notice by certified mail to the address appearing on her driver's license and her title with Amer, an address at which she could reasonably be expected to reside. When that notice was returned, the government followed the *Garcia* court's advice and sought and obtained a second address. There is no requirement of actual receipt, as long as the government has made an effort reasonably calculated to alert Craig that her property had been seized. Along with notice by publication, by sending notice of forfeiture to her legal address, seeking and obtaining a second address at which she was reported to reside, and receiving a signed receipt indicating delivery to Craig, the government has shown it has made a reasonable effort to provide Craig notice of the proceedings. Accordingly, Brown and Craig's counterclaims in this action cannot stand.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for default judgment as to Amer [doc. no. 12-1], and dismisses Lonnie Brown and Tiffany Craig's counterclaims. Accordingly, the Court hereby terminates this case and dismisses any pending motions as moot.

**SO ORDERED**        **ENTERED:**   9/24/03

*/s/ Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**